IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN LLOYD and DEBBIE A. BROWN,

                    Plaintiffs,                    CV-09-360-ST

      v.                                  OPINION AND ORDER

PACIFICORP,

                    Defendant.

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiffs, Kevin Lloyd ("Lloyd") and Debbie A. Brown ("Brown"), filed this action

pursuant to § 510 of the Employment Retirement Income Security Act of 1964 ("ERISA"), 29

USC § 1140, against defendant, PacifiCorp, for allegedly interfering with their right to continued

health benefit coverage under the Consolidated Omnibus Budget Reconciliation Act of 1986

("COBRA"), 29 USC §§ 1161-69, and for failing to provide information regarding their COBRA

appeal rights in violation of 29 USC § 1132(c). All parties have consented to allow a Magistrate

1 - OPINION AND ORDER

Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC

§ 636(c) (docket #23).

Pursuant to FRCP 12(b)(6), PacifiCorp moves to dismiss plaintiffs' First Claim for

failure to state a claim upon which relief can be granted (docket #5).  Additionally, pursuant to

FRCP 41(d), PacifiCorp moves for an order directing plaintiffs to pay costs incurred in the

previously dismissed ERISA action, *Lloyd et al. v. PacifiCorp*, Civil No. 07-1491-MO, District

of Oregon, including attorney fees, and to stay the current proceeding until plaintiffs have paid

those costs (docket #7).  For the reasons that follow, PacifiCorp's motion to dismiss is

GRANTED and motion for costs and stay is DENIED.

## FACTUAL ALLEGATIONS

Lloyd was employed by PacifiCorp as a Grid Operator from August 13, 2001, until his

termination on February 13, 2007.  Complaint, ¶¶ 5, 8, 11.  Prior to his termination, PacifiCorp

asked Lloyd for evidence of his marriage to Brown, whom Lloyd had enrolled as his spouse in

PacifiCorp's health benefits program.  *Id*, ¶ 9.  Lloyd provided PacifiCorp with documents

generally accepted as evidence of a common law marriage, and PacifiCorp was aware that Lloyd

was in the process of obtaining a judgment recognizing his marriage to Brown from a court in

Utah.  *Id*, ¶ 10.  PacifiCorp initially informed Lloyd that he would be eligible for COBRA

benefits.  *Id,* ¶ 11.  However, on or about March 15, 2007, it terminated Lloyd for "serious

misconduct," which caused Lloyd to became ineligible for continued health coverage under

COBRA.  *Id*, ¶¶ 11, 15.  Beginning in April 2007, plaintiffs and their attorneys sought, but did

not receive, information from PacifiCorp on how to appeal the denial of COBRA eligibility.  *Id*,

¶ 13; Tewksbury Decl., ¶ 2 & Ex. 1.

In response, Lloyd filed two lawsuits, one in federal court and one in state court. *Id.* In October 2007, plaintiffs filed *Lloyd, et al. v. Pacificorp*, Civil No. 07-1491-MO, in this court, alleging that PacifiCorp: (1) interfered with their rights to continued health benefits coverage in violation of 29 USC § 1140; and (2) violated 29 USC § 1132(c) by failing to provide them with information about their COBRA appeal rights. McStay Decl., ¶ 2 & Ex. 1. Later that month, plaintiffs filed an Amended Complaint that corrected the caption, but otherwise was identical to the initial complaint. *Id*, ¶ 3 & Ex. 2. In January 2008, Lloyd filed a lawsuit in state court alleging an unlawful discharge based on common law marital status. *Id*, ¶ 4 & Ex. 3. Due to the pending federal case, the state court lawsuit was dismissed without prejudice in March 2008. *Id*, ¶ 5 & Ex. 4.

In May 2008, plaintiffs moved to voluntarily dismiss the federal case, without prejudice and without attorney fees or costs to any party, in order to participate in a COBRA administrative review process. *Id*, ¶¶ 6-7 & Exs. 5 & 6. Specifically, their attorney stated: "Depending on the results of the administrative review, there [*sic*] federal claim will likely be moot or otherwise resolved leaving them with no need to further pursue their federal COBRA remedies." *Id*, Ex. 6, ¶ 3. PacifiCorp opposed the motion to dismiss, instead asking the court to abate the action until the administrative review was completed. *Id*, ¶ 8 & Ex. 7. In May 2008, the court granted plaintiffs' motion and dismissed the case without prejudice. *Id*, ¶ 9 & Ex. 8. One month later, plaintiffs refiled their state court action. *Id*, ¶ 10 & Ex. 9.

In May 2008, plaintiffs received the required appeals process information and successfully appealed the denial of their COBRA benefits. Complaint, ¶ 13. The appeals procedures were provided to plaintiffs 415 days after the COBRA denial. Tewksbury Decl., ¶ 3

& Ex. 3.  Prior to obtaining reinstatement of COBRA benefits, Lloyd incurred over $17,000 in uninsured medical expenses for which he was not reimbursed by his COBRA carrier until April 2009.  *Id*, ¶ 4 & Ex. 5.  That same month, plaintiffs filed this case.

## DISCUSSION

### I.  Motion to Dismiss First Claim

#### A.  Standard

In order to survive a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (May 18, 2009), quoting *Bell Atl. Corp. v. Twombley*, 550 US 544, 555 (2007).  In evaluating a motion to dismiss, the court must presume that all allegations of material fact in the complaint are true and draw all reasonable inferences in favor of the non-moving party.  *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F3d 979, 984 (9th Cir 2000).  In addition to the allegations in the complaint, the court may also consider documents which are attached to, or incorporated by reference into, the complaint.  *Knievel v. ESPN*, 393 F3d 1068, 1076 (9th Cir 2005).

#### B.  Analysis

The First Claim alleges that in violation of 29 USC § 1140, PacifiCorp interfered with Lloyd's COBRA rights to continued health benefits by "changing the reason for his termination after the fact to 'serious misconduct,' without any lawful basis to do so."  Complaint, ¶ 15.  As a result, Lloyd was forced to file his first ERISA suit in this court "in order to win the right to appeal and to overturn the wrongful denial of his COBRA, and thus has incurred attorney fees and litigation expenses/costs" which he seeks to recover.  *Id*, ¶ 16.  Alternatively, he asks the

4 - OPINION AND ORDER

court to exercise "its powers of equity" and award him those attorney fees and costs.  *Id*, ¶ 17.

PacifiCorp moves to dismiss the First Claim because it does not seek a remedy available under

ERISA.

Remedies available for violations of § 1140 are limited by the civil enforcement

provisions of 29 USC § 1132(a).  *See Ingersoll-Rand Co. v. McClendon*, 498 US 133, 144

(1990).  Courts have long been reluctant to allow remedies outside those expressly incorporated

into the ERISA enforcement scheme because the legislation was "crafted with such evident

care."  *Mass. Mut. Life Ins. Co. v. Russell*, 473 US 134, 147 (1985).  Section 1132(a) provides

that a participant or beneficiary may bring an ERISA action only:

1.  For civil penalties (§ 1132(a)(1)(A));

2.  To recover benefits or to enforce rights under the terms of the plan  (§1132(a)(1)(B));

3.  For breach of fiduciary duty under § 1109  (§ 1132(a)(2));

4.  To enjoin an act or practice violating ERISA or the terms of the plan

(§ 1132)(a)(3)(A)); or

5. To "obtain other appropriate equitable relief" (§ 1132(a)(3)(B)).

The first four remedies listed in § 1132(a) do not apply.  The First Claim does not seek to

recover civil penalties, to recover benefits, or to enforce rights under the terms of the plan.  Nor

does it allege a fiduciary claim relating to a breach of proper management, administration, or

investment of fund assets as would be necessary to implicate § 1109.  *Russell*, 473 US at 142.

Instead, as stated in the prayer, Lloyd seeks only "equitable relief in the form of recovery of [his]

attorney fees and costs of litigation incurred in his previous lawsuit."  Complaint, p. 4.  The

question is whether "equitable relief" under § 1132(a)(3) includes attorney fees and costs incurred in the previous ERISA action.

The text of ERISA leaves no doubt that "equitable relief" under § 1132(a)(3) includes only "those categories of relief that were typically available in equity, such as injunction, mandamus, and restitution." *Mertens v. Hewitt Assocs.*, 508 US 248, 256 (1993).  In authorizing "appropriate" equitable relief, Congress made "policy choices reflected in the inclusion of certain remedies and the exclusion of others." *Pilot Life Ins. Co. v. Dedeaux*, 481 US 41, 54 (1987).  Accordingly, the Ninth Circuit has consistently limited relief available under § 1123(a)(3) to equitable and not compensatory damages. *McLeod v. Oregon Lithoprint Inc.*, 102 F3d 376, 378 (9th Cir 1996), *cert denied*, 520 US 1230 (1997).  Money damages are the classic form of legal relief. *Mertens*, 508 US at 254.  Therefore, compensatory damages that seek monetary relief for losses are not included in the remedy provisions of § 1132(a)(3), even if the monetary reimbursement is disguised in equitable language. *See Paulsen v. CNF Inc.*, 559 F3d 1061, 1076 (9th Cir 2009);  *Reynolds Metals Co. v. Ellis*, 202 F3d 1246, 1248 (9th Cir 2000).

However, a reimbursement claim that seeks restitution by restoring a plaintiff's "specifically identifiable funds" in the defendant's possession does seek appropriate equitable relief, so long as the plaintiff is not seeking to impose personal liability on the defendant. *Sereboff v. Mid Atl. Med. Servs., Inc.,* 547 US 356, 362-363 (2006).  This type of equitable restitution generally involves a constructive trust or a lien that can be "clearly traced" to funds in defendant's possession. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 US 204, 213 (2002).  Here, plaintiffs do not seek a traditional form of equitable relief, such as an injunction, mandamus, or restitution, but seek reimbursement of attorney fees and costs incurred in the first

6 - OPINION AND ORDER

ERISA lawsuit. This does not qualify for equitable restitution, as defined by *Great West*, because the funds sought are not in the control of the defendant.

While money damages are not generally authorized as equitable relief, courts have the discretion to award attorney fees and costs to either party in an ERISA action. 29 USC § 1132(g)(1). Courts may award attorney fees to a party who has prevailed on "any significant issue in litigation which achieves some of the benefit [they] sought in bringing suit." *Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F3d 1246, 1253 (9th Cir 1993), quoting *Smith v. CMTA-IAM Pension Trust*, 746 F2d 587, 589 (9th Cir 1984).

Because ERISA "is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans," the Ninth Circuit affords a presumption for plaintiffs who prevail under § 1132 to recover attorney fees. *Kayes v. Pac. Lumber Co.*, 51 F3d 1449, 1468 (9th Cir), *cert denied*, 516 US 914 (1995). Unless special circumstances "render such an award unjust," successful plaintiffs in ERISA lawsuits should recover fees. *Elliot v. Fortis Benefits Ins. Co.*, 337 F3d 1138, 1148 (9th Cir), *cert denied*, 540 US 1090 (2003). In determining whether to exercise its discretion to grant attorney fees under § 1132(g)(1), the Ninth Circuit instructs district courts to keep the ERISA remedial purposes in mind and balance five factors, with no one factor given predominance: (1) bad faith or culpability of offending party; (2) ability of offending party to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan; and (5) the relative merits of the parties' positions. *Bogue v. Ampex Corp.*, 976 F2d 1319, 1327 n37 (9th Cir 1992), citing *Hummell v. S.E. Rykoff & Co.*, 634 F2d 446, 453 (9th Cir 1980).

This court is not persuaded that § 1132(g)(1) applies when a party seeks reimbursement of attorney fees incurred in a previously dismissed ERISA action. When he voluntarily dismissed the prior ERISA action, Lloyd could not predict whether he would prevail in his administrative appeal and correctly did not seek to recover attorney fees on that basis. However, Lloyd prevailed in the sense that he had obtained the right to appeal his COBRA denial. Had he believed that he was the prevailing party at that time for that reason, he could have sought an award of attorney fees then, but did not do so. Of course, he was ultimately successful in his administrative appeal and obtained reinstatement of his COBRA rights. As a result, he now has no potential ERISA claim to recover benefits for which he can seek attorney fees as the prevailing party. Instead, he is left only with the attorney fees he incurred to file the first ERISA action to enable him to exhaust his administrative remedies. The court fails to see any basis under § 1132(g)(1) to award those attorney fees to him in this subsequent action.

Lloyd also invokes the court's inherent power to assess attorney fees for bad faith litigation conduct, citing *Chambers v. NASCO, Inc.*, 501 US 32, 45-46 (1991). However, the court's inherent power to impose sanctions "depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Id* at 53. Lloyd's allegation of bad faith concerns PacifiCorp's conduct prior to filing the first ERISA action, not during the course of litigation.

Drawing all reasonable inferences in favor of Lloyd, the court concludes that the First Claim fails to state a claim on which relief can be granted.

///

///

## II. **Motion For Costs and Stay**

### A. **Standard**

Pursuant to FRCP 41(d), the court "may order" a plaintiff "who previously dismissed an action" and is asserting "the same claim against the same defendant" to "pay all or part of the costs of that previous action" and "may stay the proceedings until plaintiff has complied." Courts are afforded broad discretion to order costs and stays under this rule. *Rogers v. Wal-Mart Stores, Inc.*, 230 F3d 868, 874 (6th Cir 2000), *cert denied*, 532 US 953 (2001); *Esquivel v. Arau*, 913 F Supp 1382, 1386 (CD Cal 1996).  FRCP 41(d) is intended to prevent vexatious litigation, forum shopping, and attempts to gain tactical advantage by dismissing and refiling the suit. *Rogers*, 230 F3d at 874.  Therefore, a court may impose costs when the subsequent claim and relief is "identical, or nearly identical" and "the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Esquivel*, 913 F Supp at 1387-88.

### B. **Analysis**

Plaintiffs are suing the same defendant in both this action and the previously dismissed ERISA action.  The first issue is whether the claims in both actions are identical.  The underlying dispute in both actions centers upon PacifiCorp's termination of Lloyd and the resulting denial of COBRA benefits.  Both actions allege the same operative facts and the same Second Claim seeking penalties under § 1132(c) for failing to provide notice of the COBRA appeal process. The only difference in the two actions is found in the First Claim which alleges that PacifiCorp unlawfully interfered with Lloyd's COBRA rights to continued health benefits coverage under § 1140.  The allegations of the First Claim in both actions differ only in the remedy sought.  In the previous action, the First Claim sought recovery of "contractual damages in the form of uninsured medical costs that otherwise would have been covered," in addition to attorney fees

9 - OPINION AND ORDER

and costs.  McStay Decl., Ex. 2, ¶¶ 18-19.  In this action, after Lloyd obtained reimbursement of

those medical costs, the First Claim seeks only to recover attorney fees and costs incurred in the

previous federal action.  Despite plaintiffs' attempt to characterize it as otherwise, the operative

facts and claims are virtually identical in the two actions.

The next issue under FRCP 41(d) whether the circumstances warrant an award of costs.

PacifiCorp argues that an award of costs is appropriate given plaintiffs' pattern of excessive

litigiousness and forum shopping.  In support, PacifiCorp notes that in the previous action,

plaintiffs sought dismissal in order to utilize the COBRA administrative review process to

resolve their federal claims or at least render them moot.  PacifiCorp argues that despite these

representations to the court and the fact that the administrative review process resulted in

reinstatement of Lloyd's COBRA benefits, plaintiffs filed this case, including the same two

ERISA claims alleged in the previous federal action.

While plaintiffs currently have pending lawsuits arising out of the same course of events

in both state and federal court, they have provided satisfactory explanations for dismissing and

refiling suits in each court.  Specifically, the federal ERISA lawsuits are factually and legally

distinct from the state lawsuits alleging statutory discrimination claim based upon marital status.

The first state lawsuit was dismissed because Oregon law at that time, which has since changed,

*Ram Tech. Servs. v. Koretsko*, 215 Or App 449, 171 P3d 374 (2007), *rev'd and remanded*, 346

Or 215, 208 P3d 950 (2009), required the state-law claim to be litigated with the ERISA case in

federal court.  Similarly, plaintiffs sought dismissal of the federal action in order to first exhaust

their administrative remedies.  Despite the successful administrative appeal, the appeal did not

resolve the COBRA penalty issue, prompting plaintiffs to file this action.  Thus, despite the

dismissal of the two prior lawsuits, plaintiffs' underlying claims have not been fully resolved. This is not the type of vexatious litigation that FRCP 41(d) seeks to prevent.

Nor does it appear that plaintiffs have attempted to forum shop, as they have filed their suits in the same courts. On both occasions, Lloyd filed his state-law discrimination case in Multnomah County Circuit Court. Similarly, both federal claims have been filed in this court.

Finally, plaintiffs are not attempting to gain any inappropriate tactical advantage by dismissing and refiling the ERISA action. The dismissal of the first ERISA action enabled Lloyd to pursue his administrative remedy in the hope of avoiding further federal litigation. As PacifiCorp points out, that dismissal also avoided the need for Lloyd to file the previously dismissed state-law claim in federal court where PacifiCorp may have attempted to dismiss it as preempted by ERISA. Without a pending federal action, Lloyd could still pursue his state-law claim, with the right to a jury trial, in state court. Nevertheless, this court is not persuaded that plaintiffs' litigation tactics to preserve their state-law claim and exhaust their ERISA administrative remedy violate the policies behind FRCP 41(d).

Furthermore, at the time PacifiCorp contested dismissal of the previous ERISA action, it threatened to seek recovery of its attorney fees as the prevailing party. McStay Decl., Ex. 7, pp. 2, 4. However, it did not do so. It is too late to do now what it should have done then.

Accordingly, PacifiCorp is not entitled to recover its costs, including attorney fees, under FRCP 41(d).

///

///

# ORDER

11 - OPINION AND ORDER

For the reasons discussed above, PacifiCorp's motion to dismiss (docket #5) is

GRANTED and motion for costs and stay (docket #7) is DENIED.

DATED this 31st day of July, 2009.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

12 - OPINION AND ORDER